IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PATIJ, LP d/b/a LA QUINTA INN AND SUITES, § § § § | | |
| Plaintiff, § § | | |
| v. § | Civil Action No. 4:17-cv-00136-O-BP | |
| § | | |
| ATAIN SPECIALTY INSURANCE COMPANY, § § § § | | |
| Defendant. § § | | |

**FINDINGS, CONCLUSION, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's Unopposed Motion to Remand (ECF No. 5), filed February 15, 2017. United States District Judge Reed O'Connor referred this case to the undersigned for pretrial management by Order entered on February 14, 2017. ECF No. 3. A motion to remand is a dispositive matter to which the undersigned may only make a recommendation to Judge O'Connor. *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016). After consideration of the pleadings and applicable law, the undersigned RECOMMENDS that Judge O'Connor GRANT Plaintiff's Unopposed Motion to Remand.

Defendant Atain Specialty Insurance Company removed this case from the 141st Judicial District Court of Tarrant County, Texas on February 10, 2017. ECF No. 1. Plaintiff contends, and Defendant does not oppose, that this removal was improper based on a Service of Suit Endorsement clause contained in the parties' insurance company contract. The clause provides that Defendant "will submit to the jurisdiction of any court of competent jurisdiction within the

United States of America or Canada and will comply with all requirements necessary to give such Court [j]urisdiction and all matters hereunder shall be determined in accordance with the law and the practice of such Court." ECF No. 5 at 2, 4. Under Fifth Circuit precedent, this clause gives the policyholder "the right to select the forum, foreclosing [Defendant's] right to remove this action to federal court." *City of Rose City v. Nutmeg Ins. Co.*, 931 F.2d 13, 16 (5th Cir. 1991), *cert. denied*, 502 U.S. 908 (1991). The clause operates as a waiver of the right of removal, requiring that the district court remand the case. *Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001) (citing *City of Rose City*, 931 F.2d at 16) ("A party to a contract may waive a right of removal provided the provision of the contract makes clear that the other party to the contract has the 'right to choose the forum' in which any dispute will be heard.") Accordingly, the undersigned RECOMMENDS that Judge O'Connor GRANT Plaintiff's Unopposed Motion to Remand (ECF No. 5) and remand this case to the 141st Judicial District Court of Tarrant County, Texas.

A copy of this findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district

court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    Signed February 16, 2017.

                                              _____
                                              Hal R. Ray, Jr.
                                              UNITED STATES MAGISTRATE JUDGE